AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 1 — Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Central District of Illinois

FILED
AUG 5 1994
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

Case Number CR 91-30043-01

**MARK L NEFF**
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARK L NEFF, was represented by Thomas Iben.

The defendant was found guilty on count(s) 1 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) & 924(e)(1) | Possession of a firearm by a felon | 4/25/91 | 1 |

As pronounced on 08/05/94, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of August, 1994.

s/ Michael M. Mihm
**MICHAEL M. MIHM**
Chief U S District Judge

Defendant's SSAN: _____-8329
Defendant's Date of Birth: ____/67
Defendant's address: IN CUSTODY



AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 8

Defendant: MARK L NEFF
Case Number: CR 91-30043-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 252 months on Count one (1) to run concurrent with the remaining undischarged term of imprisonment in Broome County, NY, Case #91-216.

The Court makes the following recommendations to the Bureau of Prisons: 1) Defendant be located as close to Peoria, Illinois as possible.

The defendant is remanded to the custody of the United States Marshal.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 8

Defendant: MARK L NEFF
Case Number: CR 91-30043-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years on count 1.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm or destructive device.

SPECIAL CONDITIONS OF SUPERVISED RELEASE: 1) You shall, at the direction of the probation officer, participate in a program for substance abuse treatment/counseling including testing to determine whether you have used controlled substances and/or alcohol. During the entire term of supervision, you will abstain from the use of alcohol, all other legally obtainable intoxicants, and all mood-altering substances unless prescribed by a physician. You shall pay for these services as directed by the probation officer. 2) You shall submit to urine analysis testing to determine if you have used any drugs including alcohol at the discretion/direction of the U.S. Probation Office. 3) You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon. 4) You shall participate in a program of job training or employment counseling as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.