E-FILED
Monday, 26 March, 2007 11:40:14 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TORRENCE,
  Plaintiff,

vs.                                                                 No. 07-1040

CORRECTIONAL OFFICER GARDNER, et.al.,
  Defendants.

## ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference.

     The plaintiff, Michael Torrence, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Stateville Correctional Center. The plaintiff has identified eight specific defendants including Correctional Officers Gardner, McNair and Roberson; Lieutenants Nance and Brozenski; Adjustment Committee Members Adrienne Johnson and Shirley Roberts and Warden Battaglia. The plaintiff has also named unspecified medical technicians and nurses.

     The plaintiff says on January 10, 2006, Defendants Brozenski and Roberson held his arms while Defendant Gardner repeatedly punched him about his mid-section. The plaintiff also maintains that Defendant Nance stood by and did not intervene in the beating. The plaintiff has adequately alleged that Defendants Brozenski, Roberson and Gardner used excessive force against the plaintiff in violation of the Eighth Amendment. The plaintiff has also alleged that Defendant Nance failed to protect him from the beating in violation of the Eighth Amendment.

     The plaintiff says he asked for medical attention after the January 10, 2006 beating, but he was ignored. The plaintiff's complaint does not allege any specific times or dates he was refused treatment, nor does it name any specific defendants. When asked during the merit review hearing, the plaintiff says he asked for medical help from "foreign nurses" and he does not have their names. The plaintiff has adequately alleged that the nurses were deliberately indifferent to his serious medical condition. However, the plaintiff must name specific defendants. The plaintiff is to provide the court with a brief statement of when and where he was denied medical attention. The plaintiff should state the day, the approximate time and the

location when he was denied medical attention as well as a brief description of the alleged defendant.  The court will then attempt to assist the plaintiff in identifying the appropriate defendant or defendants.  The plaintiff is admonished that unless he can state a specific individual or individuals who denied him medical treatment, this claim cannot proceed.

The plaintiff alleges that also on January 10, 2006, Defendant McNair wrote a false disciplinary report against him.  The plaintiff further states that his due process rights were violated during the hearing when Defendant Johnson was improperly allowed to sit on the Adjustment Committee and his witness was not called.   The plaintiff says he was found guilty of the false ticket and received 15 days in segregation.  During the merit review hearing, the plaintiff stated that his discipline had not been overturned.

The plaintiff has failed to state a violation of his  his due process rights.  "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted).   The plaintiff did not lose good time credits as a result of the disciplinary ticket and was instead placed in segregation for two weeks.  Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997).   The plaintiff has not stated that the imposed discipline deprived him of a protected liberty or property interest.  Therefore he has failed to state a due process violation.

The plaintiff also states in his complaint that he would like copies of the videotape of the area where he was beaten on January 10, 1996.  During the hearing, the plaintiff stated that he has already made a request for the tape.  However, he was told that the tape is reused ever 24 hours and has already been erased.  The plaintiff may request any relevant videotapes once the defendants are in the case and the discovery process has begun.

The plaintiff's complaint also asks that criminal charges be filed against the defendants.  The plaintiff is advised that any potential criminal charges should be directed to the local State's Attorneys office.  This court cannot pursue criminal charges against the defendants.

For clarification of the record, the court finds that the plaintiff has failed to state any official capacity claims.   Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  The Eleventh Amendment bars suit for damages against defendants insofar as they are sued in their official capacities.  Therefore, all claims are against the defendants in their individual capacities only.

**IT IS THEREFORE ORDERED that:**

2

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

**a). Defendants Brozenski, Roberson and Gardner used excessive force against the plaintiff on January 10, 2006, in violation of the Eighth Amendment**
**b) Defendant Nance failed to protect the plaintiff from the beating on January 10, 2006, in violation of the Eighth Amendment.**
**c) Unidentified medical staff were deliberately indifferent to the plaintiff's serious medical condition after the January 10, 2006 beating.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The surviving defendants include Defendants Brozenski, Roberson, Gardner, Nance and the unidentified Medical Technicians and Nurses. All other defendants are terminated pursuant to this order including McNair, Johnson, Roberts and Battaglia.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The plaintiff's motion for appointment of counsel is denied. [d/e 2]. The plaintiff does not have a constitutional or statutory right to counsel and appears capable of representing himself.**

**7) The plaintiff is to provide the court with more detailed information concerning the defendants who denied him medical attention. The plaintiff should state the date, the approximate time and a brief description of the individual or individuals who denied him medical care. The description should include the individual's sex and job title if known. This information should be provided to the court on or before April 13, 2007.**

**8) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all**

3

**defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 26th Day of March, 2007.

        **s\Harold A. Baker**
    _____
        HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE