E-FILED
Monday, 09 April, 2007  11:51:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT Court
CENTRAL DISTRICT OF ILLINOIS

Michael D. TORRENCE
　　　　　　　Plaintiff,

vs.

No. 07-1040

Gardner, et, al,.
　　　　　　Defendants.

## MOTION TO AMEND and Supplemental Pleadings

Now Comes the Plaintiff by and through himself, Prose, and Pursuant to its merit review of the Complaint under 28 U.S.C Section 1915 A, and Order of the Court.

The Plaintiff under Federal Rule of Civil Procedure 15(a) want to file a motion to Amend the Complaint.

The Plaintiff asserting a substantial risk of harm and defendants' failure to take measures to protect Plaintiff from that harm in violation of Eight Amendment, in Masonoff v. Dubois 336 F. Supp. 2d 54 and Jackson v. Joliet 465 U.S. 1049 (1984) (2004) a Certain Course of Conduct will violate the Law. United States v. Lanier 520 U.S 259, 271, 117 (1997) and Clark v. Taylor, 710 F. 2d 4 (CAI 1983)

The plaintiff here wants to Amend the Complaint for the ILLINOIS Department of Corrections in the official capacity of its Officers acting in color of law that it was designed to protect those people it Serves in its official State Capacity as a ILLINOIS Department of Corrections officer in Ingraham v. wright 430 U.S. 651, 97 S. Ct 1401 (where state has preserved what has always been the Law of the Land resulting in both Civil and Criminal Liability, while hardened criminals Jackson v. Bishop 404 F. 2d 571.

I the plaintiff am awarded the original design of protection for valid Claim under the Eight Amendment

Correctional officer MC Nair, and the adjustment committee members Johnson and Roberts and warden Battaglia in fact violated the plaintiff fourtEENth Amendment right (see whitlock v. Johnson)

State official acting under color of state law violated the 730 ILCS 5/3-7-4 protection of person (The Department of Corrections establish rules and regulations for the protection of the person and property of employees of the Department and every committed person).

Chairperson Johnson of Adjustment Committed had a legal obligation under 20 Illinois Administrative rules and regulations 504 disciplinary procedures to dismiss the plaintiff of all disciplinary and Segregation punishment, to be sure even where there has been an intentional deprivation of liberty, due process claims also must state a satisfy the requirements that the act be sufficiently linked to an officials state created duties or powers to constitute state actions.

The Courts should now just over look every due process claim and allow state officials to lock me up without any course of redress, Warden Battiglin should have over turned the disciplinary procedures punishment, I was deprived of my right not to be confined, nor restricted or prohibited from all unclaim of punishment. Ingraham v. Wright 430 u.s 651 (1977)

I claim the deprivation did not occur as a result of some state procedure, but as the results of the unauthorized failure of state agents to follow established state procedure for acting in states official capacity under color of state law. Parratt v Taylor 451 us 527 (1981)

Correctional officers Gardner, McNair, Roberson, Lieutenants Nance and Brozenski all work for and where a badge and state seal of the Illinois Department of Corrections employees acting in its official State Capacity under color of state law as officers of the state and therefore violated the state and u.s Constitutional rights of the plaintiff, constitutes cruel and unusual punishment forbidden by the Eight amendment and for reasons the state of Illinois and u.s. Constitution requires a state to provide "due process" of law when it punishes an individual for misconduct it is to protect the individual from erroneous or mistaken punishment that the state would not have inflicted had it found the facts in a more reliable way (Matthew v. Eldridge 424 u.s. 319, 335, 1976)

The plaintiff redress the complaint of the prison officials, to set right the remedy or to rectify the problems through grievance complaint, but prison officials in the state of Illinois refuse to amend or to even adjust the wrong done which was simple at time, but time and time again the discrimination of the systems allows them to get away with violations when they know they are wrong; we can't do away with any of others pre judged prejudice until enough people are hurt by that one official who I complained about years ago,

Wherefore, Plaintiff wants this honorable Court to grant in whole or in part his motion to Amend the Original Complaint which finds and declares that, the present individual(s) and/or Collective acts of the defendants violated the Plaintiff rights and irreparable injury caused due to there actions and neglect of official State duties that all Named defendants, their officers, Servants, employees, and agents and medical tachnision all in active concert associated with Complaint be ratified to Amend Correct redress of legal Course of action that deems just and proper in the premise that plaintiff may by law and be entitled to receive, as a matter of fundamental fairness and in the interest of Justice

Signed and executed on this 9th day of April, 2007

Respectfully submitted by

8. N.L. Michael D. Torrence

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael D. Torrence )
Plaintiff/Petitioner )
)
Vs. )          No. 07-1040
)
GARDNER, et, al,. )
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of Courts          TO:_____
John M. Waters              _____
U.S. District Court Central District  _____
_____             _____

PLEASE TAKE NOTICE that on April 8th        , 200 7 , I placed
the documents listed below in the institutional mail at Pontiac
Correctional Center, properly addressed to the parties listed above for mailing through
the United States Postal Service

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of
perjury that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of
my knowledge and belief.

DATED: April 8th, 2007          /s/ M. Michael D. Torrence
                                Name: Michael D. Torrence
                                IDOC No. N23993
                                Pontiac                Correctional Ctr.
                                POB 99
                                Pontiac, 61764-0099          , IL